UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASAUN ROBERT
LAWRENCE MATTICE,
    Petitioner,

vs.

HAMILTON COUNTY COURT
OF COMMON PLEAS,
    Respondent.

Case No. 1:15-cv-768

Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Petitioner, an inmate at the Hamilton County Justice Center in Cincinnati, Ohio, initiated this action by filing an incomplete motion for leave to proceed *in forma pauperis* in connection with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1). The undersigned issued a Deficiency Order on December 8, 2015 requiring petitioner to (1) either pay the $5.00 filing fee or submit a renewed *in forma pauperis* application, and (2) show cause in writing "why the instant action should not be dismissed without prejudice as premature or on the ground that petitioner has not exhausted available state court remedies." (*See* Doc. 2, pp. 3-4, at PAGEID#: 17-18). Petitioner has complied with the December 8, 2015 Deficiency Order, as well as another Deficiency Order issued January 19, 2016 (*see* Doc. 5), by paying the $5.00 filing fee and submitting pleadings construed as responses to the show cause portion of the December 8, 2015 order. (*See* Docs. 4, 6).

    Because petitioner has paid the filing fee required to commence this habeas corpus action, the matter may proceed and petitioner's motions for leave to proceed *in forma pauperis* (Docs. 1, 3) are **DENIED** as moot. However, upon review of the petition that petitioner seeks to file (*see* Doc. 1, at PAGEID#: 4-13), as well as petitioner's responses to the show cause portion of the December 8, 2015 order (Docs. 4, 6), the undersigned finds that the petition, filed before

petitioner has been tried or convicted in the state court, is subject to dismissal without prejudice because it "plainly appears from the petition" that "petitioner is not entitled to relief in the district court" at this time. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

As discussed in the December 8, 2015 order (*see* Doc. 2), a pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea

offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted,* 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky,* Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones,* No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted,* 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's pleadings submitted in response are difficult, if not impossible, to decipher. Construing them liberally, it appears that petitioner is claiming that Ohio lacks jurisdiction to arrest or prosecute him because he is an "Asiatic Moorish American" protected by, among other things, the "Geneva Convention of Protocols," the "Declaration on the rights of Indigenous Peoples," the "Al Moroccan Treaty of Peace and Frien[d]ship," and papal orders. (*See* Doc. 4, at PAGEID#: 39-41). Petitioner also claims that Ohio lacks authority over him because he is "ALLAH manifested in human flesh." (Doc. 6). Such claims border on the delusional and, in any event, do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

Petitioner has mentioned in passing in one of his pleadings that he is seeking a speedy trial and that he was improperly arrested without probable cause or "any valid warrant or presentment." (*See* Doc. 4, at PAGEID#: 42). The undersigned is not persuaded by those conclusory assertions that the requisite showing of "extraordinary circumstances" has been made

3

to justify this Court's intervention at this time in the state criminal proceedings. In any event, even assuming solely for the sake of argument that extraordinary circumstances do exist in this case, petitioner has not shown cause why the instant petition is not subject to dismissal based on petitioner's failure to exhaust available state court remedies before applying for federal habeas corpus relief.

Accordingly, in sum, the undersigned concludes that the pretrial petition filed by petitioner is premature. In any event, it appears that the petition is subject to dismissal because petitioner has not exhausted any available state court remedies prior to filing the instant action. A stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition.[1] *Cf. Pruitt, supra*, 2010 WL 2607246, at *3 & n.2. Therefore, it is **RECOMMENDED** that the petition be dismissed without prejudice.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motions for leave to proceed *in forma pauperis* (Docs. 1, 3) are **DENIED** as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus (Doc. 1, at PAGEID#: 4-14) be

---

[1] The "stay-and-abeyance" approach, which applies to "mixed" federal habeas petitions containing both exhausted and unexhausted claims for relief, was adopted by the Sixth Circuit to ensure that federal habeas review would not be precluded on statute of limitations grounds for the class of state prisoners "whose timely filed habeas petitions remain pending in district court past the [one-year] limitations period [set forth in 28 U.S.C. § 2244(d)], only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Stevens, J., concurring). *See, e.g., Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). The discretion to issue stays in habeas cases is circumscribed. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). In cases such as this, where the statute of limitations has not even commenced running, the interest that the "stay-and-abeyance" approach was designed to protect is not implicated. *Cf. Mingo v. Michigan*, No. 1:06cv24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (holding a stay was not warranted in case where the petitioner had more than a year remaining in the limitations period to refile the petition after exhausting state remedies).

**DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/11/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASAUN ROBERT
LAWRENCE MATTICE,
    Petitioner,

vs.

HAMILTON COUNTY COURT
OF COMMON PLEAS,
    Respondent.

Case No. 1:15-cv-768

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc