UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jasaun Robert Lawrence Mattice, | : Case No. 1:15-cv-768 |
| Petitioner, | : |
| vs. | : |
| Hamilton County Court of Common Pleas, | : |
| Respondent. | : |

**ORDER**

Before the Court are Respondent's objections to the Order and Report and Recommendation of the Magistrate Judge.  (Doc. 8)  Petitioner, Jasaun Mattice, objects to the Magistrate Judge's recommendation that his petition for a writ of habeas corpus be dismissed, without prejudice to refiling when Petitioner has exhausted his available state court remedies.

Petitioner Mattice filed his petition in this case, generally alleging that he had been arrested and was being held in the Hamilton County jail.  He alleged that he was being illegally detained, because he is (variously) an "Asiatic Moorish American" under the jurisdiction of a sovereign government (Doc. 1-1 at 7), that he was arrested without an order from Congress, and that he is a freeholder and not a "corporate franchise or a slave."  (Id.)  In his objections, he also asserted that he is "ALLAH manifested in human flesh." (Doc. 6)   Petitioner concedes that he is a pretrial detainee being held on unspecified state charges, and asks the Court to order him released immediately.

The Magistrate Judge correctly concluded that, despite the difficulty of construing or accepting all of Petitioner's allegations, it is clear that as a pretrial detainee he may

not seek habeas corpus relief in this Court absent extraordinary circumstances. Those circumstances would include the state's refusal to grant a speedy trial, or a prosecution that would violate the Double Jeopardy Clause. Petitioner's allegations and arguments do not give rise to any extraordinary circumstances that would permit a departure from well-settled law regarding the availability of habeas relief to state pre-trial detainees, or an exception to the doctrine set forth in Younger v. Harris, 401 U.S. 37, 46 (1971). Petitioner's objections generally repeat his assertions regarding his "sovereign" status, and his contention that the Geneva Convention Protocols protect him from the state's prosecution and/or detention.

The Court concludes that Petitioner's objections are frivolous, and they fail to address the well-established law that is discussed in the Magistrate Judge's Report. After de novo review of the entire record, the Court overrules Petitioner's objections and adopts the Report and Recommendation in full.

The petition for a writ of habeas corpus (Doc. 1-1) is hereby dismissed, without prejudice to refiling when and if Petitioner exhausts all of his available state remedies, and otherwise complies with the requirements imposed by the federal habeas corpus statutes and rules.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether this Court is correct in its ruling with respect to Mattice's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Mattice leave to appeal in forma

pauperis.  See <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).  Mattice is free to seek leave to appeal in forma pauperis from the Sixth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 24.

  SO ORDERED.

  THIS CASE IS CLOSED.

DATED: March 8, 2016           <u>s/Sandra S. Beckwith</u>
                    Sandra S. Beckwith, Senior Judge
                    United States District Court